UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **JASON LEWIS,** an individual**;** and **JASON LEWIS FOR SENATE**, a Minnesota non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**TIMOTHY J. WALZ**, in his official capacity as Governor of the State of Minnesota,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

NOW COME the above named Plaintiffs, JASON LEWIS, and JASON LEWIS FOR SENATE (together, "Plaintiffs"), by their attorneys, Elections LLC, as and for claims against the above-named Defendant, TIMOTHY J. WALZ, in his official capacity as the Governor of the State of Minnesota ("Governor Walz", "Governor" or "Defendant"), allege and show the Court as follows ("Complaint").

## NATURE OF ACTION

1. This is a civil action for declaratory relief and injunctive relief pursuant to 42 U.S.C. § 1983 ("Action").

2. This Action presents facial challenges to various executive orders (described herein and, collectively, described as "the Orders"), which harm the ability of Plaintiffs to campaign for office by restricting travel in violation of their federally protected constitutional rights. The Orders violate (I) the Privileges or Immunities Clause in the Fourteenth Amendment to the U.S. Constitution; (II) the Privileges and Immunities Clause in Article IV of the U.S. Constitution, as incorporated against the State of Minnesota by the Fourteenth Amendment to the U.S. Constitution; and (III) the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

1

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this Complaint arise under the Constitution and federal laws of the United States.

4. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because this action seeks to redress the deprivation of rights secured by the Constitution of the United States and Acts of Congress, caused by a person(s) acting under color of State law.

5. This Court may grant declaratory relief pursuant to 28 U.S.C. § 2201.

6. The District of Minnesota is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because it is the District in which Defendant maintains his offices, exercises his authority in his official capacities, and will enforce the Orders; and it is the District in which substantially all of the events giving rise to the claims occurred.

**PARTIES**

7. Plaintiff Jason Lewis is a United States citizen, resident of Minnesota, former member of the United States House of Representatives and currently a candidate for the United States Senate.

8. Plaintiff Jason Lewis for Senate is a Minnesota Domestic Non-Profit Corporation, based in Minnesota and formed in 2019 as the principal campaign committee supporting Jason Lewis's election to the United States Senate.

9. Defendant Timothy J. Walz is made a party to this Action in his official capacity as Governor of the State of Minnesota. He issued the Orders and is charged with powers and duties, including the responsibility to "take care that the laws be faithfully executed." Minn. Const. art. V, § 3.

**FACTUAL ALLEGATIONS**

10. On March 13, 2020, President Donald Trump declared a national emergency related to an outbreak of COVID-19. See Walz Executive Order 20-53, pp. 1.

11. That same day, Defendant issued Executive Order 20-01 and declared a peacetime emergency pursuant to Minnesota law. <u>Id</u>. That order "urged" and "encouraged" Minnesota citizens to take certain actions but did not use criminal sanction to coerce them to take such actions under the color of law. <u>See</u> Walz Executive Order 20-01. An extension of that order was approved by the state's Executive Council on March 16, 2020. <u>See</u> Walz Executive Order 20-53, pp. 1.

12. On March 25, 2020, in accord with Executive Order 20-1, Defendant issued Executive Order 20-20. That order, *inter alia*, restricted the travel of individuals and made the violation of same punishable by "a fine not to exceed $1,000 or by imprisonment for not more than 90 days." <u>See</u> Walz Executive Order 20-20. Specifically, that order required that "[b]eginning on Friday, March 27, 2020 at 11:59 pm through Friday, April 10, 2020 at 5:00 pm, all persons currently living within the State of Minnesota are ordered to stay at home or in their place of residence except to engage in the Activities and Critical Sector work set forth below in Paragraphs 5 and 6." <u>Id</u>.

13. Plaintiffs campaign activities – such as rallies, meetings, dinners, and speeches – ("Campaign Activities") are not considered exempted activities under Executive Order 20-20. <u>See id</u>.

14. On April 13, 2020, Defendant issued Executive Order 20-35, again extending the peacetime emergency. <u>See</u> Walz Executive Order 20-25. On May 13, 2020, Defendant revised and extended his orders through June 12, 2020. While lifting his previous stay at home order, Defendant prohibited all gatherings of ten or more people. <u>See</u> Walz Executive Order 20-56. Violation of this limitation is "punishable by a fine not to exceed $1,000 or by imprisonment for not more than 90 days." <u>See</u> Walz Executive Order 20-56, pp. 9-10.

15. This limitation on the number of people that may attend a gathering severely limits the Plaintiffs' ability to engage in Campaign Activities. Said limitation also creates an unconstitutional ban on travel that violates the U.S. Constitution. This depravation of Plaintiffs' constitutional rights has and continues to harm Plaintiffs.

## CLAIMS

### I. FIRST CLAIM FOR RELIEF

**Violation of the Privileges or Immunities Clause of the Fourteenth Amendment to the U.S. Constitution as enforced by 42 U.S.C. § 1983**

(*By all Plaintiffs*)

16. Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

17. The Orders facially violate the Privileges or Immunities Clause of the Fourteenth Amendment to the U.S. Constitution by restricting Plaintiffs' constitutionally protected right to travel.

18. The Orders have harmed the Plaintiffs by depriving them of their constitutional rights.

19. Unless enjoined, Defendant will continue to act under color of state law to deprive the Plaintiffs of their rights under the Privileges or Immunities Clause.

20. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendant is enjoined from implementing and enforcing the Orders.

21. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorney fees and costs pursuant to 42 U.S.C. § 1988.

### II. SECOND CLAIM FOR RELIEF

**Violation of the Privileges and Immunities Clause of Article IV of the U.S. Constitution as incorporated by the Fourteenth Amendment of the U.S. Constitution, and as enforced by 42 U.S.C. § 1983**

(*By all Plaintiffs*)

22. Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

23. The Orders facially violate the Privileges and Immunities Clause of Article IV of the U.S. Constitution by restricting Plaintiffs' constitutionally protected right to travel.

24. The Orders have harmed the Plaintiffs by depriving them of their constitutional rights.

25. Unless enjoined, Defendant will continue to act under color of state law to deprive the Plaintiffs of their rights under the Privileges and Immunities Clause to travel freely to campaign for office.

26. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendant is enjoined from implementing and enforcing the Orders.

27. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorney fees and costs pursuant to 42 U.S.C. § 1988.

### III. THIRD CLAIM FOR RELIEF

**Violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution as enforced by 42 U.S.C. § 1983**

*(By all Plaintiffs)*

28. Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

29. The Orders facially violate the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution by treating Jason Lewis for Senate – and thus the candidate it supports Jason Lewis – differently from other businesses.

30. The Orders have harmed the Plaintiffs by depriving them of their constitutional rights.

31. Unless enjoined, Defendant will act under color of state law to deprive the Plaintiffs of their right under the Equal Protection Clause.

32. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendant is enjoined from implementing and enforcing the Orders.

33. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorney fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant them the following relief after a trial by jury, which is demanded:

A. An order and judgment declaring that the Orders, as complained of above, violates the U.S. Constitution;

B. An order permanently enjoining and prohibiting Defendant from enforcing saids Orders;

C. An order and judgment awarding litigation costs, attorneys' fees and other litigation expenses incurred by Plaintiffs, pursuant to 42 U.S.C. § 1988(b);

D. An order and judgment retaining jurisdiction over this action to ensure full compliance with the Court's orders; and

E. Such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

Dated: May 19, 2020                    /s/ Charles R. Shreffler

**SHREFFLER LAW LTD.**
Charles R. Shreffler (#183295)
816 Dodd Road, Ste A
West St. Paul, MN 55118
chuck@chucklaw.com
T: (612) 872-8000

**ELECTIONS LLC**
Justin R. Clark (D.C. Bar No. 499621)*
1000 Maine Avenue SW, Suite 400
Washington, D.C. 20024

justin.clark@electionlawllc.com
T: (202) 844-3812

*Attorneys for Plaintiffs*

*\*Pro hac vice application forthcoming*